UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEROME FORREST, et al.,<br><br>Defendants. | Case No. 3:20-cv-00135<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

On February 14, 2020, Plaintiff The Prudential Insurance Company of America initiated this action in interpleader under the Servicemembers' Group Life Insurance Act (SGLI), 38 U.S.C. §§ 1965, *et seq.* (Doc. No. 1.) Prudential identifies Defendants Jerome Forrest (Forrest), Samera Whitehead, Cobey Jamal Whitehead, Kiara King, and minor Defendants C.H. and C.M.H. as having potential claims to an SGLI policy on decedent Debbie Forrest, and seeks adjudication of the defendants' competing claims to that policy's benefits. (*Id.*) The docket reflects that Prudential has not yet filed proof that it has served Forrest as required by Federal Rule of Civil Procedure 4.

On March 19, 2020, Prudential filed an unexecuted summons for Forrest showing that service had been attempted at the Montgomery County Jail in Clarksville, Tennessee, but that Forrest was no longer housed there. (Doc. No. 12.) On the same day, the Clerk's office issued an alias summons for Forrest to be served at the Midwest Joint Regional Correctional Facility in Fort Leavenworth, Kansas (MJRCF). (Doc. No. 13.) On May 11, 2020, Prudential filed a motion requesting additional time to serve Forrest, informing the Court that its "process server made multiple attempts to personally serve Forrest with copies of the Summons and Complaint at

[MJRCF], but has been unable to serve him there[,]" and that the process server's calls and voicemails to MJRCF have not been returned. (Doc. No. 20, PageID# 120, ¶ 13; *see also* Doc. No. 20-1.) The Court granted Prudential's motion, extending the service deadline to September 11, 2020. (Doc. No. 21.) Over fifty days have elapsed since that deadline expired, and Prudential has not filed proof of service on Forrest or moved to further extend the service deadline. Rather, Prudential notified the Court on August 25, 2020, that its counsel had received two letters from Forrest, and requested that the Court construe those letters as Forrest's answer to the complaint. (Doc. No. 26.) For the reasons described below, the Court will not do so.

Federal Rule of Civil Procedure 22 provides that interpleader actions are governed by the Federal Rules of Civil Procedure, including Rule 4's requirements regarding service of process. *See* Fed. R. Civ. P. 4. "[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

To date, Prudential has filed no proof that Forrest has been served in accordance with Rule 4's requirements. Until Forrest has been properly served, the Court does not have personal jurisdiction over him, *see King*, 694 F.3d at 655, and due process of law bars the Court from exercising authority over his rights. *See Friedman*, 929 F.2d at 1156–57. Accordingly, Prudential is ORDERED to file proof of service under Rule 4(l) showing that Forrest was served before September 11, 2020, or, alternatively, to file a motion under Rule 4(m) to extend the time for service and explain why good cause exists for the Court to extend the service deadline.

Prudential has filed proofs of service as to Defendants Samera Whitehead, Cobey Jamal Whitehead, and Kiara King. (Doc. Nos. 15, 16, 17.) None of these defendants has appeared in the action, although more than seven months has passed since they were served. Prudential states that it has communicated with these defendants and that "each indicated that they will be proceeding *pro se* and expressed interest in participating in the [initial case management conference]." (Doc. No. 24.) These defendants are warned that, whether they intend to engage counsel to represent them or represent themselves, they must answer Prudential's complaint and appear in this action or face the entry of default against them under Federal Rule of Civil Procedure 55(a).

The parties' previously scheduled case management conference was cancelled pending appointment of a representative for Defendants C.H. and C.M.H. (Doc. No. 25.) Guardians ad litem have now been appointed (Doc. No. 29), and this matter is set for an initial case management conference on December 1, 2020, at 11:00 a.m. The conference will be held by telephone. All parties shall call (888) 557-8511 and enter access code 7819165# to participate.

The parties shall file an updated joint proposed case management order no later than three business days before the conference. The parties shall also email a Word version of the joint proposed case management order to Newbern_Chambers@tnmd.uscourts.gov. If the proposed

order cannot be submitted on time, Prudential's counsel is responsible for contacting the Magistrate Judge's chambers to reschedule the conference.

The Clerk's Office is DIRECTED to serve this Order on Defendants Jerome Forrest, Kiara King, Samara Whithead, and Cobey Jamal Whitehead at the addresses listed in Docket Entry 24, PageID# 139.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge